R. K. SHIRLEY *v.* RUBY A. SHIRLEY

(No. 8330)

Submitted April 22, 1936. Decided May 13, 1936.

*Harry H. Byrer,* for appellant.

KENNA, JUDGE:

This suit for divorce was instituted in the Circuit Court of Berkeley County by R. K. Shirley against Ruby A. Shirley. The bill of complaint makes the ordinary averments of marital relationship, residence, issue of the marriage and circumstances of the parties. The bill then alleges that on the 13th day of September, 1930, the wife deserted and abandoned the husband and that in the same month she brought a suit for divorce in the Circuit Court of Berkeley County seeking relief on the ground of cruelty, and that on the 17th day of March, 1931, a decree was entered in that case denying her relief.

The bill alleges that after the denial of relief in her suit, the wife's desertion and abandonment continued

and still continues; and that the wife, since the 13th day of September, 1930, has refused to cohabit with the plaintiff, and still continues so to refuse.

The bill further alleges that in the month of July, 1931, the husband, plaintiff in this suit, instituted a suit for divorce against his wife in the Circuit Court of Berkeley County, praying for a decree from bed and board on the ground of desertion; that in that suit, the wife filed her answer and cross-bill seeking a divorce on her part on the ground of both cruelty and desertion. It is alleged that on the 1st day of June, 1932, the court entered its final decree in this second suit, by which relief was denied both on the plaintiff's bill of complaint and on the wife's answer and cross-bill. The bill goes on to allege that, despite the fact that the court refused to grant the wife a divorce in the suit (the first suit) that she brought against her husband in which a divorce was sought on the ground of cruelty, and despite the fact that in the suit (the second suit) brought by the husband against the wife a divorce on the ground of desertion was denied the wife upon her answer and cross-bill, she has made no effort to return to the husband and to take up the marital relationship with him; that shortly after the wife's original desertion on September 13, 1930, the plaintiff pleaded with her to return and to live with him; that in the original suit, the judge of the court then presiding tried to effect a reconciliation between the plaintiff and the defendant, at which time the plaintiff herein expressed his willingness and desire to have the defendant herein return and resume the marital relationship with him; and that at that time the wife refused. On the basis of these allegations, the bill of complaint seeks a divorce *a vinculo* based upon the desertion of the wife commencing before the first divorce suit was brought at the time she ceased to reside with the husband on the 13th day of September, 1930.

After her demurrer to the plaintiff's bill was overruled, the defendant answered. The answer admits the jurisdictional averments of the bill of complaint, and admits that the wife left the home of the husband on

the 13th day of September, 1930, and has not since returned. It denies the charge of desertion, states that the wife left the husband on the 13th day of September, 1930, and has not since returned on account of her fear based upon the cruel and inhuman treatment of the husband, and alleges that the wife has always been willing to live with the husband if she could be assured that he would not continue to treat her cruelly. The answer admits the bringing of the first suit by the wife, and admits that the wife was denied relief on her allegation of cruelty. It alleges affirmatively that in the first suit, the husband, by his answer and cross-bill, sought relief as against the wife on the ground of desertion, and that the decree denied relief to him also. The answer alleges that on at least two different occasions since September, 1930, the wife, in the presence of the court, has expressed her willingness to return to and live with the husband, but that on each occasion, the husband has refused to allow her to return. There is no averment that such an offer was made by the wife after the decree in the second case. The answer admits that suit was brought by the husband against the wife for divorce in July, 1931, and that in that suit she was denied relief on her answer and cross-bill. The answer denies that the plaintiff is entitled to relief, and upon its affirmative averments, seeks alimony and a decree of divorce *a mensa.*

The plaintiff filed a special replication denying substantially all of the averments of the defendant's answer and cross-bill.

After proof was taken, upon final hearing, the trial chancellor denied relief to both the husband on his original bill and the wife upon her answer and cross-bill, and dismissed the case. From that decree, the plaintiff husband appeals. There is no appeal on the part of the wife and no brief is filed for her on this submission.

The testimony of the husband upon the hearing begins with the fact that the wife left him in September, 1930, and that he sought on several occasions to have her return, continuing that attitude until just before the submission of the first divorce suit, and at that time ex-

pressing to the court his willingness to take his wife back. He testified that on every such occasion, Mrs. Shirley refused to return and live with him. He does not testify that he made any such effort after the decree in the first case. On cross-examination, he testifies that since the first case, he has made no effort to have his wife return and live with him, and, in response to a question by the judge of the court, states that after the first suit was terminated and while the second suit brought by him against his wife on the ground of desertion was pending and about to be submitted, the judge of the Circuit Court of Berkeley County undertook to persuade the parties to become reconciled, and that upon that occasion, he, the husband, although the wife expressed her willingness to return to him, refused the reconciliation.

The testimony of Mrs. Shirley is to the effect that prior to the decree in the second divorce case, she made several attempts to have her husband permit her to return and live with him, all of which were repulsed. She testified that in the fall preceding the submission of this case, probably in November, the plaintiff, on one occasion, had threatened to kill her.

The record in the second divorce suit is made a part of the record in this case, but it was not brought to this court as a part of the record on this appeal.

From the record before us, it appears that there is no testimony that would materially alter the situation as it existed in the second divorce suit. No exception to this seems to be created by the testimony of Mrs. Maude Mason, who said only that on several occasions within the past two years she had gone to the defendant and had entreated her to return to her husband, but that each time the defendant had declined to do so, stating that she feared to return on account of her husband's violence and cruelty. We do not think that this testimony has a material bearing upon the decision of this case.

It is the contention of the plaintiff that, on the basis of this record, the wife stands convicted of deserting her husband because she left him on the 13th day of September, 1930, and because her reason for doing so,

set up in the divorce suit which she thereupon instituted, was adjudicated to be insufficient. The court, in that suit, refused the wife a divorce, thereby adjudicating that she had no valid reason for leaving her husband. The appellant argues that it thereupon became the duty of the wife to return to the husband, and that the proof shows to the contrary that she rejected the importunties of the husband to return to him. This argument, we think, ignores two important elements of the record before us. One element ignored by the argument is that in the first suit the husband, by cross-bill, alleged the desertion of the wife and sought a divorce on that ground. He was denied relief and thereby that contention was adjudicated against him. Then, again, after the decree that was entered in the first divorce suit brought by the wife the second divorce suit was brought by the husband, in which he sought a divorce on the ground of desertion. We are obliged to conclude that all matters that had a bearing upon the desertion of the wife, including the argument that is now advanced by the appellant, were before the court and were adjudicated at that time. In that suit, the wife, by her cross-bill, alleged desertion on the part of the husband. Presumably, therefore, the effect of the decree refusing relief to both parties, was to find that neither of them was guilty of desertion up to that time. Neither the husband nor the wife appealed from that decree. This being so, in order to entitle the husband to a decree in this proceeding on the ground of desertion, we must look for some basis for his allegation that has arisen since the date of the decree in the second suit. We cannot hold that a desertion which began September 13, 1930, was continued on the part of the wife to the present time in the face of the fact that on June 1, 1932, the Circuit Court of Berkeley County entered its decree refusing to grant the husband a divorce on the ground of the wife's desertion, thereby adjudicating the fact that there had been no desertion of the husband on the part of the wife up to that time. Furthermore, this record shows that just prior to the entry of the decree in the second suit, the judge of the Circuit Court of

Berkeley County undertook to effect a reconciliation. The result of these efforts was to show a willingness on the part of the wife to return to the husband, and an absolute refusal on the part of the husband to permit her to do so.

Examining the record before us with a view to determining whether or not there has been any new ground upon which the husband could base his charge of desertion since the decree in the second divorce suit, we have come to the conclusion that this record shows none. The only new testimony seems to be that of Mrs. Maude Mason, who says simply that she undertook to get the wife to return to the husband and that she refused to do so, stating that she feared violence from the husband. There is also new evidence as to threats made by the husband against the wife. Contradictory of the testimony tending to establish the fact that the wife is unwilling to return to the husband, is her express offer, pleaded and testified to in this case, to return to him provided that she could be reasonably assured that she would not be cruelly treated.

Being of the opinion that there is no proof of desertion on the part of the wife since the decree of the Circuit Court of Berkeley County entered on the 1st day of June, 1932, that would sustain a decree in favor of the husband on the ground of the wife's desertion, it follows that the decree of the Circuit Court of Berkeley County in this case must be affirmed.

*Affirmed.*